UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| TIMOTHY W. SUMNER and ANNIE SUMNER, <br><br> Plaintiffs, <br><br> v. <br><br> MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC., NATIXIS REAL ESTATE CAPITAL, INC., MORGAN STANLEY MORTGAGE CAPITAL HOLDINGS, LLC and JOHN DOE, <br><br> Defendants. | Civil Action No. 11-11910-DJC |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                 July 26, 2012

### I.   Introduction

Plaintiffs Timothy W. Sumner and Annie Sumner ("the Plaintiffs") bring this action against Defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), Natixis Real Estate Capital, Inc. ("Natixis"), Morgan Stanley Mortgage Capital Holdings, LLC ("Morgan Stanley"), and John Doe, an as of yet unidentified individual or corporate entity, alleging a continuing right to rescind the mortgage on the Plaintiffs' residence located at 1 Constitution Road, Hingham, Massachusetts ("the Property") and that the Defendants' failure to comply with the Plaintiffs' rescission requests violates the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), Mass. Gen. Laws c. 140D, § 1 *et seq*. and Mass. Gen. Laws c. 93A. Defendants MERS, Morgan Stanley and Natixis (collectively, "the Defendants") have now moved to dismiss the second amended complaint pursuant

1

to Federal Rule of Civil Procedure ("Rule") 12(b)(6). For the reasons set forth below, the Defendants' motion to dismiss is GRANTED in part and DENIED in part.

## II.     Burden of Proof and Standard of Review

To survive a motion to dismiss, a complaint "must 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests,' and allege 'a plausible entitlement to relief.'" Decotiis v. Whittemore, 635 F.3d 22, 29 (1st Cir. 2011) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555, 559 (2007)). The Court accepts non-conclusory factual allegations in the complaint as true, Ocasio–Hernández v. Fortuño–Burset, 640 F.3d 1, 12 (1st Cir. 2011), and "draw[s] all reasonable inferences in favor of the plaintiff[ ]." Gargano v. Liberty Int'l Underwriters, Inc., 572 F.3d 45, 48 (1st Cir. 2009). In reviewing the motion, the Court may also "consider 'documents the authenticity of which are not disputed by the parties; . . . documents central to plaintiffs' claim; [and] documents sufficiently referred to in the complaint.'" Curran v. Cousins, 509 F.3d 36, 44 (1st Cir. 2007) (quoting Watterson v. Page, 987 F.2d 1, 3 (1st Cir. 1993)).

## III.    Factual Allegations

On February 27, 2007, the Plaintiffs obtained a mortgage loan from New Century Mortgage Corporation ("New Century"). Second Amended Complaint at ¶ 6. The Plaintiffs executed a mortgage ("the Mortgage") giving MERS a security interest in the Property. Id. at ¶ 7. New Century and/or MERS sold the Mortgage to CDC Mortgage Capital Inc., now known as Natixis, who in turn sold, or purported to sell, the Mortgage to Morgan Stanley. Id. at ¶ 8. The Plaintiffs allege that they were not each provided with two copies of the notice of right to cancel the transaction ("NRTC") at the time of closing. Id. at ¶ 11. They further allege that the truth-in-lending disclosure statement provided to them at closing did not disclose the due dates or periods

2

of payments scheduled to repay the loan.  Id. at ¶ 12.

By letters dated November 22, 2010, the Plaintiffs notified MERS and New Century as well as Saxon Mortgage Services ("Saxon"), servicer of the loan and agent for the current loan holder, of the exercise of their continuing right to rescind the transaction.  Id. at ¶¶ 16-17.  New Century, MERS and Saxon received the Plaintiffs' notices of the exercise of their right to rescind the transaction, but have taken no action to terminate MERS' security interest in the Property or return to the Plaintiffs all money or property given by them in connection with the transaction as the Plaintiffs allege is required by law.  Id. at ¶ 18.

## IV. Procedural History

On January 31, 2011, the Plaintiffs filed a complaint in Plymouth Superior Court against all Defendants except Natixis.  D. 6.  Plaintiffs later amended their complaint on May 26, 2011, adding Natixis as a defendant and amended the complaint again on August 1, 2011, adding Morgan Stanley as a defendant.  D. 6.  The second amended complaint ("SAC") alleges a violation of the MCCCDA and a continuing right to rescind their loan transaction based on the allegations that the Plaintiffs were not provided two copies of their NRTC at closing (Count I) and that the truth-in-lending disclosure statement failed to disclose a payment schedule (Count II).  The SAC further claims that Defendants' alleged violations of the MCCCDA constitute *per se* violations of Mass. Gen. Laws c. 93A (Count III).   D. 6.   On October 27, 2011, Defendant Morgan Stanley, with the consent of MERS and Natixis, removed this action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332. (D. 1).  Defendants Morgan Stanley, MERS and Natixis have now moved to dismiss. D. 9, 12.  The Court held a hearing on the motion on June 19, 2012 and took the matter under advisement.

3

## V. Discussion

### A. Count I: Failure to Deliver the Requisite Copies of the Notice of the Right to Cancel

Count I seeks rescission of the loan transaction as well as statutory damages, attorney's fees and costs under the MCCCDA based on the lender's failure to deliver two copies of the NRTC to each Plaintiff and the Defendants' failure to rescind the loan transaction after receiving the Plaintiffs' demand for same. SAC at ¶¶ 11, 15-18.

The MCCCDA gives a consumer who grants a security interest in property used as his or her principal dwelling the right to rescind a mortgage loan transaction if the consumer is not provided the disclosures required by statute. Mass. Gen. Laws c. 140D § 10(a). A borrower may exercise the right to rescind the transaction until midnight of the third business day following the closing. Id. If, however, the required disclosures are not provided, the right to rescind does not expire until four years after the date of consummation of the transaction. Mass. Gen. Laws c. 140D § 10(f). Required disclosures include copies of the NRTC.

#### 1. Assignee Liability for Damages, Attorney's Fees and Costs under the MCCCDA

Mass. Gen. Laws c. 140D, § 33(c) and (d)(1) govern mortgagee assignee liability under the MCCCDA. It provides:

> (c) Any consumer who has the right to rescind a transaction under section ten may rescind the transaction as against any assignee of the obligation.
>
> (d)(1) Except as otherwise specifically provided in this chapter, or any rule or regulation issued thereunder, any civil action against a creditor with respect to a consumer credit transaction secured by real property for a violation of this chapter and any proceeding under section six may be maintained against any assignee of such creditor only if—
>
> > (I) the violation for which such action or proceeding is brought is

> apparent on the face of the disclosure statement provided in connection with such transaction pursuant to this chapter; and
>
> (ii) the assignment to the assignee was voluntary.

Mass. Gen. Laws. c. 140D, § 33(c) and (d)(1). A violation is apparent on the face of the disclosure statement if: "(I) the disclosure can be determined to be incomplete or inaccurate by a comparison among the disclosure statement, any itemization of the amount financed, the note, or any other disclosure of disbursement; or (ii) the disclosure statement does not use the terms or format required to be used by this chapter." Mass. Gen. Laws. c. 140D, § 33(d)(1). In addition, except in rescission proceedings, § 33(b) of MCCCDA provides that in any action taken against an assignee, written acknowledgments by borrowers of receipt of disclosures are "conclusive proof" of delivery when the assignee has no contrary knowledge.

It is reasonable to infer from the SAC's factual allegations that Morgan Stanley currently holds the mortgage as an assignee, receiving the mortgage when it purchased the loan. The SAC alleges that Plaintiffs obtained their loan from New Century and that as part of the loan transaction, Plaintiffs executed a mortgage giving MERS a security interest in the Property. SAC at ¶¶ 6-7. New Century sold the Mortgage to Natixis that then sold the Mortgage to Morgan Stanley. Id. at ¶ 8.

Because Morgan Stanley is an assignee, Plaintiffs must allege that the alleged violation - namely, the lender's failure to provide them each with two copies of the NRTC at closing - was apparent on the face of the disclosure statement and that the assignment of the loan to Morgan Stanley was voluntary to be entitled to statutory damages, attorney's fees and costs for such violation. See Mass. Gen. Laws ch. 140D, § 33(c) and (d)(1); Mayo v. Key Fin. Servs. Inc., 424 Mass. 865-66 (1997) (holding that like statutory damages, a borrower's right to attorney's fees and

costs for a MCCCDA violation may only be asserted against the assignee if the violation was apparent on the face of a disclosure statement); McDermott v. Mortg. Elec. Registration Sys., Inc., 2010 WL 3895460, at *4 (D. Mass. Sept. 30, 2010). The Plaintiffs signed a written acknowledgment that they each received two copies of the NRTC (Affidavit of Samuel C. Bodurtha ("Bodurtha Aff."), Ex. A, D. 11-1).[1] The SAC fails to allege that despite Plaintiffs' signatures on the NRTC acknowledging receipt of two copies of the document, it would have been obvious on the face of the document that New Century had in fact failed to provide each of them with those copies. Moreover, except for rescission proceedings, written acknowledgment of receipt of two copies of the NRTC is "conclusive proof" that the Plaintiffs each received the two copies they allege were not provided at closing. See Mass. Gen. Laws. c. 140D, § 33(b).

The Plaintiffs' failure to allege facts that the failure to provide copies of the NRTC was apparent on the face of the document is fatal to their claim for damages, attorney's fees and costs under the MCCCDA against Morgan Stanley. See McDermott, 2010 WL 3895460, at * 5 (finding that because the plaintiff signed the NRTC acknowledging he had received two copies of the document, "it would not have been obvious on the face of things if [the original lender] had in fact failed to provide two copies" and the assignee had no duty to investigate further); In re May, 2011 WL 4102805, at *9 (Bankr. D. Mass. Sept. 14, 2011) (holding that assignee cannot be liable for attorney's fees and costs, like statutory damages, for failing to comply with a notice to rescind or for the original lender's failure to deliver the sufficient number of copies of the NRTC at closing because neither failure is an MCCCDA violation apparent on the face of a disclosure statement); In

---

[1]Because the Plaintiffs do not dispute the authenticity of this document and it is central to their allegations, the Court may consider it in resolving the instant motion to dismiss. See, e.g., Curran, 509 F.3d at 44.

re Giza, 428 B.R. 266, 272-73 (Bankr. D. Mass. 2010) (dismissing claims brought against assignee for statutory damages, attorney's fees and costs under the MCCCDA where the complaint failed to allege any violation apparent on the face of the disclosure statement and the debtors signed written acknowledgments of their receipt of the disclosures). Accordingly, the Plaintiffs cannot state a plausible claim for damages, attorney's fees and costs against Morgan Stanley for the failure to deliver the requisite copies of the NRTC asserted in Count I.

The same can be said for Defendants MERS and Natixis. As to MERS, courts have described MERS as a "nominee" of the note holder that holds "bare legal title to each mortgage registered on its system." Culhane v. Aurora Loan Servs. of Neb., 826 F. Supp. 2d 352, 372 (D. Mass. 2011). "By holding bare legal title to mortgages for the purpose of recording them in its name, MERS allows for the underlying notes, which carry with them the beneficial interests in the mortgages, to be transferred freely and without clouding title." Id. Here, the SAC alleges that the Plaintiffs obtained their loan from New Century, SAC at ¶ 6; Def. Opp., Ex. A (NRTC naming New Century as the lender), and that the Plaintiffs executed a mortgage giving MERS a security interest in the Property. SAC at ¶ 7. The SAC further alleges that New Century sold the Mortgage to CFC Mortgage Capital, Inc., now known as Natixis, who ultimately sold it to Morgan Stanley. Id. at ¶ 8. Thus, the facts alleged in the complaint do not support a reasonable inference that MERS was itself ever an assignee of the loan or that it was a "creditor" within the meaning of Mass. Gen. Laws. c. 140D since it was never entitled to, and did not, receive payment of the debt secured by the mortgage, see Mass. Gen. Laws. c. 140D, § 1; Culhane, 826 F. Supp. 2d at 372 (noting that to the extent "MERS is an agent of the note holder, its rights and duties concern only legal title to the mortgage"; MERS has no "claim to the underlying debt").

7

The Plaintiffs allege that Natixis was an assignee of the loan at some point between February 27, 2007 (when Plaintiffs obtained their loan from New Century) and November 2010 (when they notified certain Defendants of their right to rescind the loan transaction) before Morgan Stanley became the current holder of the loan. SAC at ¶¶ 8, 16-17. Thus, to the extent the Plaintiffs allege a right of rescission under the MCCCDA based on its failure to deliver copies of the NRTC at closing against Natixis, Natixis is not liable under Mass. Gen. Laws c. 140D as an assignee for the reasons discussed above.

Accordingly, the Plaintiffs cannot state a plausible claim for statutory damages, attorney's fees or costs under the MCCCDA against the Defendants based on the alleged failure of the original lender, New Century, to deliver two copies of the NRTC to each Plaintiff.

### 2. Right of rescission

The Court's dismissal of the Plaintiffs' claims for damages, attorney's fees and costs does not mean that the Plaintiffs have failed to state a plausible claim for rescission based on the failure to deliver two copies of the NRTC to each of them at closing. Although other rights may be asserted under the MCCCDA against an assignee only if the alleged violation is apparent on the face of the disclosure statement, "a borrower is given the same right of rescission against an assignee of an obligation as against the original lender." Mayo, 424 Mass. at 865 (citing Mass. Gen. Laws c. 140D, § 33(c)); see In re May, 2011 WL 4102805, at *9 (holding that although no assignee liability exists for the lender's failure to provide the requisite number of copies of the NRTC at closing because failure was not apparent on the face of disclosure statement, debtors could nonetheless establish a valid right of rescission claim against an assignee based on the facts alleged).

The Defendants argue that the Plaintiffs' right of rescission claim is time-barred because the

Plaintiffs each received two copies of the NRTC, relying on the signed written acknowledgment indicating same. As discussed above, such written acknowledgment is only conclusive proof of delivery of the requisite number of copies of the NRTC when a civil action for statutory damages is asserted against an assignee, not where he or she is asserting a right of rescission against the assignee. See Mass. Gen. Laws c. 140D, § 33(b). Defendants contend that the MCCDA requires only that each borrower received one copy of the NRTC and that receipt of one copy is sufficient as a matter of law under the MCCCDA. The Plaintiffs disagree and contend that two copies, not one, must be provided to each borrower under the MCCCDA.[2]

However, on a motion to dismiss, the Court must look to the facts alleged in the complaint. The SAC alleges that the Plaintiffs did not each receive two copies of the NRTC. SAC at ¶ 11. Whether discovery will bear out that the Plaintiffs received one copy, two copies or no copies of the NRTC is an issue that is not raised by the pleadings and need not be resolved at this juncture to rule on the Defendants' motion to dismiss. Cf. McKenna v. Wells Fargo Bank, N.A., 2011 WL 1100160, at *2-3 n. 37 (D. Mass. Mar. 21, 2011) (allowing motion to dismiss where plaintiff alleged that defendant had provided him with one, but not two notices, and following King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238 (D. Mass. 2009) that receipt of one notice does not extend the

---

[2]The Plaintiffs submitted an affidavit for the court's consideration in the event that the Court converts the instant motion to dismiss to one for summary judgment. While the Court has considered the disclosure statement because the Plaintiffs do not dispute its authenticity and it is central to the Plaintiffs' allegation that the disclosure statement did not provide any payment schedule, the Court will not consider the affidavit the Plaintiffs attached to their opposition or any reference to it in their opposition. The affidavit attached to the Plaintiffs' opposition adds additional facts (e.g., how loan files were stored and that the Plaintiffs each received one copy of the NRTC) that are not alleged in the SAC. The affidavit is not incorporated by reference in the SAC and is not a matter of which the Court may take judicial notice. Moreover, the Plaintiffs offered the affidavit only if the Court were to convert the Defendants' motion to dismiss to one for summary judgment. The Court declines to do so here.

rescission period). Accordingly, the Court need not wade into courts' differing views about whether the rescission period is extended if the borrower receives one, but not two copies, of the NRTC. Compare Ferreira v. Mortg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 297, 302 (D. Mass. 2011) (ruling that "as long as the borrower receives one such notice, the rescission period is not extended") and cases cited, with In re Cromwell, 461 B.R. 99, 122-24 (Bankr. D. Mass. 2011) (disagreeing with the view of the district court that receipt of one such notice bars the extended rescission period). Accepting as true the Plaintiffs' allegation that they did not each receive two copies of the NRTC, the question of whether a borrower's claim for rescission is time-barred under the MCCCDA as a matter of law if he receives only one copy of the NRTC, as opposed to two, is premature at this juncture when discovery has yet to commence and the parties dispute how many copies of the NRTC the Plaintiffs received. Suffice to say, the Plaintiffs have stated a plausible claim for rescission under the MCCCDA under Count I.

### B.  Count II:  Failure to Provide Material Disclosures

In Count II, the Plaintiffs seek rescission of the loan transaction, statutory damages and attorney's fees, alleging that the disclosure statement provided to them at closing did not disclose the payment schedule to repay the loan in violation of the MCCCDA. SAC at ¶¶ 12, 21, 24. Under the MCCCDA, a creditor must disclose to consumers certain information "clearly and conspicuously." Mass. Gen. Laws c. 140D, § 8(a). Such information, defined as "material disclosures," include "the total of payments, the number and amount of payments, and the due dates or periods of payments scheduled to repay the indebtedness." Id., § 1. The disclosure statement (attached as Ex. F to the

affidavit submitted in support of the Defendants' motion to dismiss, D. 11-1),[3] provides a payment schedule listing the number of payments, amount of payments and when those payments were due. Although Plaintiffs argue in their opposition that the payment schedule itself would make it difficult for Plaintiffs to determine with certainty their payment schedule for the life of the loan, (Pl. Opp. at 15, D. 15), the SAC alleges only that no payment schedule was provided. It alleges neither the deficiency of the disclosure statement's payment schedule nor any confusion in determining any loan payments from the payment schedule. See SAC at ¶¶ 12,19-24.

Moreover, as discussed above, Defendant Morgan Stanley, as an assignee of the loan, may be held liable for damages, attorney's fees and costs for the original lender's (New Century) failure to make disclosures required under MCCCDA only if such violations were apparent on the face of the disclosure statement. See Mayo, 424 Mass. at 865 (citing Mass. Gen. Laws c. 140D, § 33). The SAC fails to allege any facts showing that the alleged violation of the MCCCDA concerning the payment schedule was apparent on the face of the disclosure statement. Absent any allegations in the SAC regarding the adequacy of the disclosure statement's payment schedule or that the disclosure statement's deficiencies were apparent on its face, the Plaintiffs cannot state a plausible claim for rescission or assignee liability under the MCCCDA for failure to disclose a payment schedule. See Cheche v. Wittstat Title & Escrow Co., LLC, 723 F. Supp. 2d 851, 856 (E.D.Va. 2010) (finding that

---

[3]As discussed above, although a court resolving a motion to dismiss brought under Rule 12(b)(6) is ordinarily prohibited from looking beyond the four corners of a complaint without converting the motion to dismiss into a Rule 56 motion for summary judgment, courts have recognized "exceptions for documents the authenticity of which are not disputed by the parties; for official public records; for documents central to plaintiffs' claim; or for documents sufficiently referred to in the complaint." Watterson, 987 F.2d at 3. The disclosure statement is central to the Plaintiffs' claim that they were not provided a payment schedule at closing and the Plaintiffs refer to the disclosure statement in the SAC. In their opposition, Plaintiffs do not object to the court's consideration of the disclosure statement.

plaintiff failed to state a claim for assignee liability under the federal Truth-in-Lending Act, 15 U.S.C. §§ 1601-1667(f) ("TILA") where plaintiff failed to plead any factual allegations showing that "any alleged violation of the TILA was apparent on the face of the disclosure statement or that the loan was involuntarily assigned").[4]

Accordingly, Count II for failure to provide a payment schedule in the disclosure statement cannot survive the instant motion to dismiss.

### C. Count III: Mass. Gen. Laws c. 93A Claim

The Defendants challenge the viability of the Plaintiffs' Chapter 93A claim on both procedural and substantive grounds. The Defendants' procedural challenge is based on the Plaintiffs' failure to deliver a demand letter as mandated under Chapter 93A before filing suit.

Chapter 93A requires a plaintiff to serve a written demand letter on prospective defendants at least thirty days prior to filing an action. Mass. Gen. Laws c. 93A § 9(3); McDermott, 2010 WL 3895460, at *8. "The statutory notice requirement is not merely a procedural nicety, but, rather, a pre-requisite to suit" and "must be alleged in the plaintiff's complaint." Rodi v. S. New Engl. Sch. of Law, 389 F.3d 5, 19 (1st Cir. 2004) (internal quotation marks and citation omitted),

The Plaintiffs concede that they did not send a Chapter 93A demand letter to any of the Defendants, but argue that the notice requirement does not apply because the Defendants do not maintain a place of business or keep any assets in Massachusetts pursuant to Mass. Gen. Laws c. 93A, §9(3) (providing in relevant part that subsection 3 does not apply "if the prospective respondent does not maintain a place of business or does not keep assets within the commonwealth"). (Pl. Opp

---

[4]The MCCCDA was closely modeled after TILA, and accordingly, federal court decisions regarding TILA are instructive in construing the parallel provisions of the MCCCDA. In re DiVittorio, 670 F.3d 273, 282 (1st Cir. 2012); Mayo, 424 Mass. at 864.

at 16-17, D-15). Although the Plaintiffs are not required to allege in the complaint the legal conclusion that the demand letter requirement is inapplicable, they must allege facts that the Defendants do not maintain a place of business or keep assets in Massachusetts to show the exception to the demand letter requirement applies to plead a Chapter 93A claim. Cf. Akar v. Fed. Nat'l Mortg. Ass'n, 2012 WL 661458, at *22 (D. Mass. Feb. 8, 2012) (denying motion to dismiss Chapter 93A claim where complaint alleged that the defendant did not maintain a place of business or keep assets in Massachusetts); Okoye v. Bank of New York Mellon, 2011 WL 3269686, at *4-5 (D. Mass. July 28, 2011) (finding dismissal of Chapter 93A claim based on failure to issue demand letter not warranted against a defendant where the complaint alleged that those Defendants did not maintain a place of business or keep assets in Massachusetts but granting the motion to dismiss Chapter 93A as to another Defendant who presented evidence that contrary to the complaint's allegation otherwise, the Defendant held an asset in Massachusetts). The complaint fails to allege any facts from which the Court could reasonably infer that the Defendants do not maintain a place of business or keep assets in Massachusetts.

Moreover, the SAC alleges that Defendant Morgan Stanley currently holds the mortgage. SAC at ¶ 8. Morgan Stanley's ownership of the Plaintiffs' mortgage constitutes an asset located in Massachusetts, see, e.g., Arazi v. Saxon Mortg. Servs., Inc., 2011 WL 5519914, at *3 (D. Mass. Nov. 14, 2011) (dismissing Chapter 93A claim for plaintiff's failure to make a written demand on holder of mortgage secured by property located in Massachusetts which the Court found constituted an asset within Massachusetts); Okoye, 2011 WL 3269686, at *5 (noting that "[a] recorded mortgage secured by real property located in the Commonwealth is an 'asset[ ] within the commonwealth' for purposes of Chapter 93A") (citation omitted). Since Morgan Stanley keeps an asset in Massachusetts, the

exception for sending the demand letter is inapplicable and the Plaintiffs, therefore, were required under Chapter 93A to send Morgan Stanley a demand letter prior to commencing suit.

The Plaintiffs' failure to comply with the procedural requirements of Chapter 93A entitles the Defendants to dismissal of the Plaintiffs' Chapter 93A claim asserted in Count III.

## VI. Conclusion

For the foregoing reasons, the Defendants' motion to dismiss is GRANTED as to Counts II and III as well as to the extent the Plaintiffs seek statutory damages, attorney's fees or costs in Count I. Defendants' motion to dismiss is DENIED to the extent the Plaintiffs seek a right of rescission under Count I.

**So ordered.**

/s/ Denise J. Casper
United States District Judge