UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| TIMOTHY W. SUMNER et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) ) Civil Action No. 11-11910-DJC |
| MORTGAGE ELECTRONIC, REGISTRATION SYSTEMS, et al., | ) ) ) ) |
| Defendants. | ) ) ) ) |

MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   **January 22, 2014**

**I.    Introduction**

Timothy Sumner ("Timothy") and Annie Sumner ("Annie") (collectively, "Plaintiffs") have brought this lawsuit against Mortgage Electronic Registration Systems, Inc. ("MERS") and Morgan Stanley Mortgage Capital, Inc. ("Morgan Stanley") (collectively, "Defendants") alleging a violation of the Massachusetts Consumer Credit Cost Disclosure Act ("MCCCDA"), Mass. Gen. L. c. 140D.  D. 6 at 3-9.  Defendants have now moved for summary judgment.  D. 62.  The Court ALLOWS Defendants' motion.

**II.    Factual Allegations**

Unless otherwise noted, the following facts are as described in Defendants' Statement of Facts ("SOF"), D. 64, to which Plaintiffs have stipulated by their failure to controvert these facts. Stonkus v. City of Brockton Sch. Dep't, 322 F.3d 97, 102 (1st Cir. 2003) (quoting D. Mass. L.R. 56.1) ("providing that "[m]aterial facts of record set forth in the statement required to be served

1

by the moving party will be deemed for purposes of the motion to be admitted by the opposing parties unless controverted by the statement required to be served by opposing parties")).

On February 27, 2007, Timothy executed a note obligating him to repay a $690,000 loan from New Century Mortgage Corp ("New Century"). D. 64 ¶ 1. Annie did not sign the note. Id. ¶ 2. Plaintiffs granted New Century a mortgage on their residence to secure the promissory note. Id. ¶ 3. The closing took place at Plaintiffs' residence. Id. ¶ 4. Only Plaintiffs and their closing attorney attended the closing. Id. ¶ 5. Timothy recalls signing the note, mortgage and the Notice of Right to Cancel ("NRTC") at the closing. Id. ¶¶ 6-7. Annie also recalls signing the NRTC. Id. ¶ 9. By signing the NRTC, Plaintiffs acknowledged receiving two copies of the NRTC. Id. ¶ 11. The NRTC provided Plaintiffs with a March 2, 2007 deadline to rescind their mortgage. Id. ¶ 10. Plaintiffs did not exercise their right of rescission prior to March 2, 2007. Id. ¶ 12. Plaintiffs attempted to rescind their mortgage by a November 22, 2010 letter to Saxon Mortgage Services. Id. ¶ 14.

### III. Procedural History

On January 31, 2011, the Plaintiffs filed a complaint in Plymouth Superior Court. D. 6 at 3. Plaintiffs later amended their complaint on May 26, 2011, adding Natixis as a defendant and amended the complaint again on August 1, 2011, adding Morgan Stanley as a defendant. Id. at 21, 32. The second amended complaint ("SAC") alleges a violation of the MCCCDA and a continuing right to rescind their loan transaction based on the allegations that the Plaintiffs were not provided two copies of their NRTC at closing (Count I) and that the truth-in-lending disclosure statement failed to disclose a payment schedule (Count II). Id. at 53-56. The SAC further claims that Defendants' alleged violations of the MCCCDA constitute *per se* violations of Mass. Gen. L. c. 93A (Count III). Id. at 56-57. Defendant Morgan Stanley, with the consent

of MERS and Natixis, removed this action to this Court, asserting subject matter jurisdiction under 28 U.S.C. § 1332. D. 1. On Defendants' motion, the Court dismissed Counts II and III on July 26, 2012, D. 24, but Count I, the claim for rescission relating to the NRTC, remains. The Court heard the parties on Defendants' motion for summary judgment on January 9, 2014 and took this matter under advisement. D. 71.

## IV. Discussion

### A. Standard of Review

The Court grants summary judgment where there is no genuine dispute as to any material fact and the undisputed facts demonstrate that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "A fact is material if it carries with it the potential to affect the outcome of the suit under applicable law." Santiago–Ramos v. Centennial P.R. Wireless Corp., 217 F.3d 46, 52 (1st Cir. 2000). The movant bears the burden of demonstrating the absence of a genuine issue of material fact. Carmona v. Toledo, 215 F.3d 124, 132 (1st Cir. 2000); see Celotex v. Catrett, 477 U.S. 317, 323 (1986). If the movant meets its burden, the non-moving party may not rest on the allegations or denials in its pleadings, Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 256 (1986), but must come forward with specific admissible facts showing that there is a genuine issue for trial. Borges ex rel. S.M.B.W. v. Serrano–Isern, 605 F.3d 1, 5 (1st Cir. 2010). The Court "view[s] the record in the light most favorable to the nonmovant, drawing reasonable inferences in his favor." Noonan v. Staples, Inc., 556 F.3d 20, 25 (1st Cir. 2009).

### B. There Is No Genuine Dispute of Fact that Plaintiffs Received Adequate Notice of Their Right to Cancel Their Mortgage

#### 1. The First Circuit's Decision in McKenna v. Wells Fargo Bank, N.A. Resolves This Issue

The MCCCDA allows consumers who mortgage their principal dwelling the right to

3

rescind a mortgage loan transaction. Mass. Gen. Laws c. 140D § 10(a). A borrower may exercise the right to rescind the transaction until midnight of the third business day following the closing. Id. If, however, the lender does not make an adequate disclosure of this right at closing, the right to rescind extends to four years after the date of the closing. Mass. Gen. Laws c. 140D § 10(f), (i)(1)(b). Copies of the NRTC are an accepted form of the required disclosures. See Ferreira v. Mortg. Elec. Registration Sys., Inc., 794 F. Supp. 2d 297, 302 (D. Mass. 2011).

In its prior order in this matter, the Court denied Defendants' motion to dismiss to the extent Defendant's sought dismissal of Count I, Plaintiffs' MCCCDA claim. D. 24. In its motion to dismiss, Defendants argued that Plaintiffs' right of rescission claim was time-barred because they did not rescind the mortgage within three days. Sumner v. Mortg. Elec. Registration Sys., Inc., No. 11-11910-DJC, 2012 WL 3059429, at *5 (D. Mass. July 26, 2012). Even accepting Plaintiffs' assertion that they only received one copy of the NRTC, Defendants argued that receipt of one copy is sufficient as a matter of law under the MCCCDA. Id. Plaintiffs, meanwhile, argued that receipt of one copy, and not two copies, extended the right of rescission to four years. Id.

In denying the motion to dismiss, this Court noted that there was a split among district courts in the First Circuit on the issue of whether receipt of one copy of the NRTC is sufficient as a matter of law. Id. (citing McKenna v. Wells Fargo Bank, N.A., No. 10-10417-JLT, 2011 WL 1100160 at *2-3 n. 37 (D. Mass. Mar. 21, 2011) (finding one copy sufficient); King v. Long Beach Mortg. Co., 672 F. Supp. 2d 238, 250-51 (D. Mass. 2009) (finding one copy sufficient); Ferreira, 794 F. Supp. 2d at 302; In re Cromwell, 461 B.R. 99, 122-24 (Bank. D. Mass. 2011) (finding that receipt of only a single copy of NRTC triggered extended right of rescission), rev'd in relevant part sub nom., Cromwell v. Countrywide Home Loans, Inc., 483 B.R. 36 (D. Mass.
4

2012)). In light of this disagreement and in light of the absence of discovery about the number of copies of the NRTC Plaintiffs received, the Court declined to dismiss Count I at the motion to dismiss stage. Id.

After this Court's decision, the First Circuit affirmed the district court's decision in McKenna. McKenna v. Wells Fargo, Bank, N.A., 693 F.3d 207, 216 (1st Cir. 2012). The First Circuit acknowledged the apparent ambiguity in the MCCCDA, but also noted that the statute "says nothing about the lack of multiple copies being a basis for rescission; the time period for rescission is only extended . . . if the borrower does not receive appropriate 'written notice.'" Id. (emphasis in original) (quoting Mass Gen. L. c. 140D, § 10(h), (i)(1)(B)). The Court concluded that in light of the fact "that the purpose of the four-year extension is to give the consumer the information needed to decide intelligently whether to cancel; one copy performs this function as well as two." Id. Accordingly, the First Circuit ruled that receipt of only one copy did not extend the right of rescission from three days to four years. Id. (finding that "the more straightforward reading of the statute and regulations makes lack of notice, not the number of copies, the predicate for rescission").

Even if the Court were not bound by McKenna (as it is), it would come to the same conclusion here. As the First Circuit rightly pointed out, the MCCCDA "says nothing about the lack of multiple copies being a basis for rescission." Id. In addition, and contrary to Plaintiffs' position at oral argument, the basis for the extension of the rescission period is the lack of notice. Mass. Gen. L. c. 140D, § 10(i)(1)(b). Receipt of one copy therefore fulfills the intent of the statute. Here, there is no dispute that each of the Plaintiffs received at least one copy of the NRTC. D. 64 ¶¶ 7-9. There is further no dispute that by signing the NRTC, Plaintiffs acknowledged receiving two copies of the NRTC. Id. ¶ 11. At oral argument, Plaintiff argued

that the purpose of the second copy was to allow the borrower to retain a copy of the NRTC and have another copy at the ready to facilitate any rescission. Nevertheless, the facts of this case undercut the notion that Plaintiffs did not understand same, as prior to bringing this action, they attempted to rescind the mortgage, even if they did so long after the time to do so had expired. Id. ¶ 14. Accordingly, there is no genuine dispute of material fact that Plaintiffs received sufficient notice of their right to cancel the mortgage under the MCCCDA and that the Plaintiffs' right to rescind the mortgage expired on March 2, 2007.

> 2.  *The Court Declines to Certify this Question to the Massachusetts Supreme Judicial Court*

Plaintiffs argue that the First Circuit's decision is not binding on this Court, because ultimately, the "'[state courts] alone can define and interpret state law.'" D. 67 at 5 (citing Schlesinger v. Councilman, 420 U.S. 738, 755 (1975)). Although the Court agrees with the general principle that the decisions of the Supreme Judicial Court are ultimately binding on this Court with respect to interpretations of Massachusetts law, the Court disagrees with Plaintiffs' suggestion that this Court may ignore the First Circuit's decision in McKenna. The First Circuit has not absolved its district courts of the obligation to follow its own interpretations of state law. Rather, "unless and until the Supreme Judicial Court has addressed a pertinent state law issue, a federal district court is bound by First Circuit precedent."[1] Vertex Surgical, Inc. v. Paradigm Biodevices, Inc., 648 F. Supp. 2d 226, 231 n.3 (D. Mass. 2009) (citing Esquire, Inc. v. Esquire Slipper Mfg. Co., 243 F.2d 540, 544 (1st Cir. 1957)). Indeed, courts in other circuits have determined that "when a panel of this [Circuit] Court has rendered a decision interpreting state

---

[1] At oral argument, Plaintiffs cited King v. Order of United Comm. Travelers of Am., 333 U.S. 153, 161 (1948) for the contrary proposition, but that case does not compel a different conclusion. Id. at 162 (affirming the Fourth Circuit's decision to decline to follow a state trial court's decision on a matter of state law because "it would be incongruous indeed to hold the federal court bound by a decision which would not be binding on any state court").

law, that interpretation is binding on district courts in this circuit, and on subsequent panels of this Court, unless an intervening decision of the state's highest court has resolved the issue." Wankier v. Crown Equip. Corp., 353 F.3d 862, 866 (10th Cir. 2003) (citations omitted); see also Perez v. Brown & Williamson Tobacco Corp., 967 F. Supp. 920, 925 (S.D. Tex. 1997) (noting that "a district court sitting in diversity is generally bound by the state law interpretations of its circuit court") (citing Batts v. Tow-Motor Forklift Co., 66 F.3d 743, 747-48 (5th Cir. 1995), cert. denied, 517 U.S. 1221 (1996)).

At any rate, Plaintiffs argue that the Court should certify this issue to the Massachusetts Supreme Judicial Court for resolution.[2] D. 67 at 10. Certification to the Supreme Judicial Court is only appropriate, however, if the court is "unable to make a 'reasonably clear' prediction, with adequate confidence, of the SJC's holding on this issue." Boos v. Abbott Labs., 925 F. Supp. 49, 57 (D. Mass. 1996) (quoting Clarke v. Ky. Fried Chicken of Cali., Inc., 57 F.3d 21, 24 n.5 (1st Cir. 1995)). However, this Court finds, as other courts have found, that the law is sufficiently clear to predict the Supreme Judicial Court's course and will not certify this issue to the Supreme Judicial Court. Jepson v. Deutsche Bank Nat'l Trust Co., -- F. Supp. 2d --, No. 12-11226-WGY, 2013 WL 5229842, at *7 (D. Mass. Sept. 18, 2013) (declining to certify issue, which was already decided by the First Circuit, to the Supreme Judicial Court).

       *3.    Whether Annie Had a Right of Rescission Does Not Require a Different Conclusion*

---

[2] As discussed below, the Court has decided not to certify the question about whether receipt of only one copy of the NRTC extends the rescission period. Even if the Court did certify that particular question, however, it would not necessarily certify the separate question of whether Annie even had a rescission right, see D. 67 at 17 n.11 (seeking certification), especially where the Massachusetts Supreme Judicial Court's rules for answering certified questions extend to those that "may be determinative of the cause then pending in the certifying court." Mass. S.J.C. R. 1:03(1). Annie's right to rescission would not be dispositive of this case, as discussed below.

Defendants have also raised the issue of whether Annie has a right to rescind here where she was a signatory to the mortgage, but not a signatory to the note. D. 63 at 7.[3] However, the Court need not reach this issue. Even if Annie, a non-obligor to the note, did have a right to rescind, there is no dispute that Annie signed the NRTC, acknowledging receipt of two copies of the NRTC. D. 64 ¶ 9. She therefore received at least one copy of the NRTC. Accordingly, any right Annie had to rescind also expired on March 2, 2007, over three years prior to Plaintiffs' first efforts to do so.

## V. Conclusion

For the foregoing reasons, Defendants' motion for summary judgment, D. 62, is ALLOWED.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[3] At least one judge in this district has found that "an individual who is not named on the Note executed by his or her spouse is not an 'obligor' and does not have a right to rescind." Ferreira, 794 F. Supp. 2d at 303.